UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANAT V. SANGHANI, MD, LLC | * | CIVIL ACTION NO. |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| UNITED HEALTHCARE SERVICES, INC. | * | |
| | * | MAG. JUDGE |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, UnitedHealthcare of Illinois, Inc., erroneously identified as United HealthCare Services, Inc. ("United" or "Defendant"), and hereby gives notice of removal of the Petition for Damages filed by Sanat V. Sanghani, MD, LLC ("Plaintiff") in the suit entitled, *Sanat V. Sanghani, MD, LLC v. United HealthCare Services, Inc.*, and bearing Civil Suit No. 137011 ("City Court Action"), from the Alexandria City Court for the Parish of Rapides, State of Louisiana, where it is currently pending, to the United States District Court for the Western District of Louisiana. Defendant files this Notice of Removal ("Notice") without waiving any defenses, exceptions, obligations, claims, or causes of action that may exist in its favor in state or federal court. In support of this removal, Defendant respectfully represents the following:

### Introduction

1.

On or about April 12, 2017, Plaintiff for Damages ("Petition") in the Alexandria City Court for the Parish of Rapides, State of Louisiana. A copy of Plaintiff's Original Petition is attached hereto, as included in **Exhibit "A."**

2.

United was served with a copy of the Petition on April 27, 2017, through its registered agent for service of process, CT Corporation System. *See* Exhibit "A," Service of Process Transmittal, attached to Plaintiff's Original Petition. Thus, this Notice is timely filed, as it is filed no more than thirty (30) days after United was served with the Petition, in accordance with 28 U.S.C. §§ 1441 and 1446.

3.

United is the only Defendant involved in this lawsuit. Thus, there are no other parties to contact with regard to the filing of this Notice.

### **Federal Question Jurisdiction**

4.

In the Petition, Plaintiff contends that it provided healthcare services to patient E.B. (the "Patient"), which services were allegedly covered under "a policy of health insurance" issued by United to the Patient. *See* Petition, ¶¶ 2–3. Plaintiff further contends that the Patient, in exchange for Plaintiff's services, "specifically assigned" to Plaintiff "all rights under the health insurance policy" and "authorized [Plaintiff] to pursue this claim for unpaid healthcare insurance benefits" under the policy. *Id.* ¶ 4.

5.

The "policy" at issue is a self-funded employee health and welfare benefit plan that was established pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

6.

Plaintiff claims that, "[d]espite notice and amicable demand," United "has refused to pay for covered services" provided to the Patient and "has failed to pay within 30 days after receiving satisfactory proofs of loss pursuant to La. R.S. 22:1821." *See* Petition, ¶ 9. Plaintiff also contends that United breached a duty of good faith and fair dealing by "refus[ing] to properly investigate, adjust, or even discuss the claim in violation of R.S. 22:1973." *See* Petition, ¶¶ 12–13. Based on the foregoing allegations, Plaintiff seeks damages "in the amount of $11,711.06," which represents the "remaining balance" allegedly due and owing as a result of the medical services provided by Plaintiff to the Patient.

7.

Plaintiff's claim, as stated in the Petition, is that it seeks to enforce its assignment of rights and recover the cost of unpaid benefits allegedly due under the terms of a self-funded ERISA benefit plan. As such, Plaintiff's claim is one for which this Court has original subject-matter jurisdiction without regard to the amount in controversy or diversity of citizenship, and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

8.

This Court has original federal jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a), in that the captioned matter involves the interpretation and clarification of rights under a self-funded employee health and welfare benefit plan established pursuant to ERISA, which preempts Plaintiff's state law claim under La. R.S. § 22:1821 and for breach of the duty of good faith and fair dealing, and provides the exclusive federal remedy for resolution of claims requiring interpretation of plan documents.

9.

As the U.S. Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, nonpayment, or underpayment of benefits available under an ERISA-governed health benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

10.

Further, a state law cause of action that is preempted by ERISA and comes within the scope of § 502(a) is removal to federal court under 28 U.S.C. § 1441, as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the face of the petition. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995) ("Because ERISA preemption is so comprehensive, it can provide a sufficient basis for removal to federal court even though it is raised as a defense, notwithstanding the 'well-pleaded complaint' rule.").

## Removal Is Proper

11.

Removal to this Court is appropriate pursuant to applicable law, including 28 U.S.C. § 1441(a).

12.

Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders served on United in the City Court Action to date are attached hereto as **Exhibit "A,"** *in globo*.

13.

Upon the filing of this Notice, United has at the same time provided notice to Plaintiff pursuant to 28 U.S.C §1446(d) by furnishing a copy of this Notice and attachments to Plaintiff's counsel of record, and will simultaneously provide notice to the Clerk of Court for the Alexandria City Court for the Parish of Rapides, State of Louisiana, through the filing of a Notice and the Notice of Filing of Notice of Removal, a copy of which is attached hereto as **Exhibit "B,"** into the record of the City Court Action.

**WHEREFORE**, Defendant, United HealthCare Services, Inc., prays that this action be removed to the United States District Court for the Western District of Louisiana for further proceedings and disposition, and that United be granted all such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By: /s/ *Katherine L. Cicardo*
ERROL J. KING (La. Bar No. 17649)
KATHERINE L. CICARDO (La. Bar. No. 35081)
Chase North Tower
450 Laurel Street, 20th floor
Baton Rouge, LA 70801
Telephone: (225) 381.7000

Facsimile: (225) 342.7027
eking@bakerdonelson.com
kcicardo@bakerdonelson.com

***ATTORNEYS FOR DEFENDANT, UNITED HEALTHCARE SERVICES, INC.***

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court on this 25th day of May, 2017. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt.

_/s/ Katherine L. Cicardo_